UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────

GUARIONEX SUAREZ, 86A3059 ,

                Plaintiff,

                                        DECISION AND ORDER

      -v-                                04-CV-6362 CJS

DR. KEISER, et al.,

                Defendants.

─────────────────────────────────────────

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Guarionex Suarez ("Plaintiff") alleges that prison medical staff violated his Eighth Amendment rights by denying him medical treatment.  Now before the Court is an application [#24] by Plaintiff for a preliminary injunction.  For the reasons that follow, the application is denied.

BACKGROUND

Plaintiff is currently housed at Shawangunk Correctional Facility ("Shawangunk"). This lawsuit, however, involves alleged constitutional violations occurring at Five Points Correctional Facility ("Five Points").  Plaintiff suffers from a painful vascular condition in his left leg, and maintains in this action that Defendants are denying him appropriate medical care for that condition.

With regard to the instant application for injunctive relief, Plaintiff contends that medical personnel at Shawangunk are retaliating against him by providing him with a

placebo instead of pain medication.  Specifically, Plaintiff alleges that prior to 2003, he was receiving the pain medication Ultram, and that in 2003 he began receiving a generic version of that drug called "Tramador."  Recently, however, he contends that medical staff have been giving him placebo pills that are the same shape and size as Ultram, but which have a "different quality; different reaction and different test." Liberally construing Plaintiff's papers, it further appears that he is refusing to take these pills, and that medical staff are consequently offering him the medication in crushed form, to prevent him from hoarding the pills.  Plaintiff, however, is "scared" because he is not able to inspect the pills before they are crushed, and feels that he "does not know what he is getting."

In response to Plaintiff's application, Maryann Genovese, M.D. ("Genovese"), the Health Services Director at Shawangunk, has submitted an affidavit.  Genovese indicates that Plaintiff is prescribed Ultram, a pain medication, though he is actually receiving Tramadol, the generic version of Ultram.  Genovese denies that Plaintiff is receiving a placebo.  Genovese further indicates that Plaintiff is being given the drug in crushed form, because he previously has attempted to give Ultram to another inmate, and has also thrown away unused medication.  Consequently, to prevent this, Plaintiff is given the medication in crushed form under the observation of a nurse.

DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground

for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (citations and internal quotation marks omitted). Violation of a constitutional right is considered "irreparable harm." *Id*. at 482 ("[P]laintiff has shown a substantial likelihood of success on his Eighth Amendment claim. The district court therefore properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).

In this case Plaintiff is asserting an Eighth Amendment medical claim.  The standard for such a claim is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and

3

disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id.* (citation omitted).

Applying the foregoing legal principles, Plaintiff has not demonstrated his entitlement to injunctive relief. His bald assertion that he is being provided a placebo fails to establish irreparable harm. *See, e.g., Woods v. Goord*, No. 01 Civ. 3255 (SAS), 2002 WL 31296325 at *6 (S.D.N.Y. Oct. 10, 2002) (Bald assertion that prison physicians would not treat inmate was insufficient to establish irreparable harm.) Moreover, even assuming that Plaintiff could demonstrate irreparable harm, and further assuming that he could satisfy the remaining criteria for obtaining an injunction, which he has not, this Court lacks personal jurisdiction over the medical staff at Shawangunk. *See, In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir.,2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Although the Court has personal jurisdiction over Lester Wright, M.D. ("Wright"), Deputy Commissioner and Chief Medical Officer of the New York State Department of Correctional Services ("DOCS"), there is no indication that Wright was personally involved in the alleged misconduct at Shawangunk.

CONCLUSION

For the foregoing reasons, Plaintiff's application [#24] is denied.

SO ORDERED.

Dated:      October 19, 2007
            Rochester, New York

                                    /s/ Charles J. Siragusa
                                     CHARLES J. SIRAGUSA
                                    United States District Judge