UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GUARIONEX SUAREZ, 86A3059 ,

                Plaintiff,

                -v-

DR. KEISER, et al.,

                Defendants.

DECISION AND ORDER

04-CV-6362 CJS

INTRODUCTION

    This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Guarionex Suarez ("Plaintiff") alleges that prison medical staff violated his Eighth Amendment rights by denying him medical treatment. Now before the Court is an application [#45] by Plaintiff for a preliminary injunction. For the reasons that follow, the application is denied.

BACKGROUND

    Plaintiff is currently housed at Clinton Correctional Facility ("Clinton"). This lawsuit, however, involves alleged constitutional violations occurring at Five Points Correctional Facility ("Five Points"). Plaintiff suffers from a painful vascular condition in his left leg, and maintains in this action that, between 2002 and 2004, Defendants denied him appropriate medical care for that condition.

    With regard to the instant application for injunctive relief, Plaintiff, who uses a wheelchair but is also able to walk, contends that his current placement at Clinton is improper. Specifically, he alleges that the prison yard at Clinton is not "prepare[d] for wheelchair" [sic], apparently because the lavatory in the yard is not wheelchair accessible.

As a result, Plaintiff asks this Court to transfer him to another facility.  Additionally, Plaintiff maintains that he is not receiving appropriate medical care at Clinton. ("I also have been requesting to be [seen] by a doctor but still I don't see a doctor.").

DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:65 S.Ct. 1130

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (citations and internal quotation marks omitted). Violation of a constitutional right is considered "irreparable harm." *Id*. at 482 ("[P]laintiff has shown a substantial likelihood of success on his Eighth Amendment claim. The district court therefore properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).  Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted).

In this case Plaintiff is asserting an Eighth Amendment medical claim. The standard for such a claim is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id.* (citation omitted).

Here, Plaintiff's application for injunctive relief must be denied, since it involves matters that are unconnected to the specific claims in this lawsuit. As discussed above, this lawsuit involves the alleged denial of medical treatment at Five Points years ago, while

the instant application essentially alleges that Clinton is not a handicap-accessible facility. Moreover, even assuming that the instant application was sufficiently related to the claims in this lawsuit, the Court finds that Plaintiff has not demonstrated that he is entitled to injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's application [#45] is denied.

SO ORDERED.

Dated:   September 24, 2008
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge