UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GUARIONEX SUAREZ, 86A3059,

                      Plaintiff,

                      DECISION AND ORDER

      -v-                      04-CV-6362 CJS

DR. KEISER, et al.,

                      Defendants.

---

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which Guarionex Suarez ("Plaintiff"), a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that prison medical staff violated his Eighth Amendment rights by denying him medical treatment. Now before the Court are two applications by Plaintiff for preliminary injunctive relief: 1) a motion (Docket No. [#68]) for an order directing that he be transferred to a different correctional facility and that he be provided with medical treatment; and 2) a motion [#73] for an order halting his impending deportation to the Dominican Republic. For the reasons that follow, the second application is denied, the first application is denied in part, and Defendants are directed to provide a further response to the first application insofar as it alleges a denial of medical care.

BACKGROUND

The facts of this case were set forth in several prior decisions of this Court and need not be repeated here. (*See*, Docket Nos. [#15][#38][#51]). Briefly, Plaintiff suffers from a painful vascular condition in his left leg, and he maintains in this action that between 2002

and 2004, Defendants denied him appropriate medical care for that condition. The alleged denial of medical care occurred at Five Points Correctional Facility ("Five Points"), where Plaintiff is currently housed. Plaintiff has been generally dissatisfied with the medical care that he has received while in DOCS custody. However, Plaintiff believes that he has received appropriate care from Dr. Benjamin Chang M.D. ("Chang"), a vascular specialist who has provided treatment to him in Albany, New York, apparently pursuant to a contract with DOCS. Chang has provided Plaintiff with nerve block injections for leg pain at various times, and in February 2010, Chang indicated that Plaintiff would "continue to need this kind of care for the remainder of his life." (Docket No. [#73]).

Plaintiff maintains, though, that defendant Dr. Gregoire ("Gregoire"), a physician at Five Points, has refused to allow him to receive such treatment. Plaintiff further contends that Gregoire has refused to provide him with the pain medication Ultram. In that regard, Plaintiff states that Gregoire told him that he could not have Ultram because it is addictive. ([#68] at 3). Plaintiff does not indicate whether he is receiving some other type of pain medication. Plaintiff further contends that medical staff at Five Points are refusing his requests to be placed on the medical call-out list. As to this contention, Plaintiff states that although medical staff told him that he failed to appear for his call-out appointment, corrections staff told him that he did not have such an appointment. ([#68] at 2).

Additionally, Plaintiff alleges that in 2008, two Corrections Sergeant at Five Points, Sergeant Piccolo ("Piccolo") and Sergeant Maide ("Maide"), issued him a false misbehavior report. Plaintiff states that Piccolo and Maide are still employed at Five Points, and he is apparently concerned that they will mistreat him.

2

Lastly, Plaintiff indicates that he is eligible for parole in April 2010, and he expects that if he is paroled, he will be immediately deported to the Dominican Republic. Plaintiff objects to such deportation, on the grounds that it is "double jeopardy." ([#73]).

DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (citations and internal quotation marks omitted). Violation of a constitutional right is considered "irreparable harm." *Id*. at 482 ("[P]laintiff has shown a substantial likelihood of success on his Eighth Amendment claim. The district court therefore properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted).

At the outset, Plaintiff's request for an order halting his deportation is denied. Plaintiff's deportation has no connection to the claims in this action. Nor does Plaintiff allege that any defendant in this action has any involvement with, or any control over, his deportation. Accordingly, Plaintiff's application relating to his deportation [#73] is denied.

The Court will next consider Plaintiff's request to be transferred to another correctional facility. Such a request seeks to "alter rather than maintain the status quo," and consequently, Plaintiff must "demonstrate a clear or substantial likelihood of success on the merits." *Johnson v. Miles*, Nos. 08-0658-pr (L), 08-4350-pr (Con), 2009 WL 3326622 at *1 (2d Cir. Oct. 16, 2009) (citation and internal quotation marks omitted). Liberally construing Plaintiff's papers, he indicates that he should be transferred for two reasons: 1) because he is being denied appropriate medical care; and 2) because he is in danger of being harassed by, or at the direction of, Piccolo and Maide.

As for Plaintiff's concerns about being harassed, neither Piccolo or Maide is a defendant in this action, and Plaintiff's allegations about them have no connection to the other claims in this action. Moreover, Plaintiff's allegations concerning Piccolo and Maide do not indicate that he is in imminent danger of harm. Consequently, Plaintiff's request for injunctive relief based on alleged harassment by Piccolo and Maide is denied.

As for Plaintiff's contention that he is being denied medical treatment, the standard for such a claim is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

4

> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

In response to Plaintiff's request to be transferred based on the alleged denial of medical care, on January 29, 2010, the Court issued an Order [#70], directing Defendants to respond to the application by February 12, 2010. On February 12, 2010, Defendants counsel filed an "Affidavit in Opposition" [#72]. However, the affidavit only discussed the logistical difficulties of transferring Plaintiff to another facility in light of his medical problems and his impending deportation. The affidavit did not address Plaintiff's claim that he is being denied treatment and pain medication.

The Court will grant Defendants one additional opportunity to respond to Plaintiff's claim that he is currently being denied appropriate medical care. Such response should

5

include an affidavit from a member of the medical staff at Five Points with personal knowledge concerning Plaintiff's medical treatment.

CONCLUSION

Plaintiff's motion [#73] for injunctive relief related to his deportation is denied. Plaintiff's other motion [#68] for injunctive relief is denied in part, to the extent that it seeks a transfer based on alleged harassment by corrections staff. The Court reserves decision on the remainder of the motion [#68] relating to the alleged denial of medical care. Defendants shall file and serve a further response to the application consistent with this Decision and Order on or before April 30, 2010.

SO ORDERED.

Dated:    April 26, 2010
              Rochester, New York

                                              /s/ Charles J. Siragusa
                                              CHARLES J. SIRAGUSA
                                              United States District Judge